UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re OMEGA HEALTHCARE
INVESTORS, INC. SECURITIES
LITIGATION

1:17-cv-08983-NRB

**CLASS ACTION**

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED and AGREED by all parties to this action, namely lead plaintiff Royce Setzer and additional plaintiff Earl Holtzman (together, "Plaintiffs") and defendants Omega Healthcare Investors, Inc., C. Taylor Pickett, Robert O. Stephenson, and Daniel J. Booth ("Defendants," and collectively with Plaintiffs, the "Parties"), by and through their respective undersigned counsel, that the following procedures shall govern the handling of Discovery Material (as defined herein) by and among the Parties, or any other person from whom Discovery Material is sought, in the above-captioned action (the "Action"):

1. **DEFINITIONS**

    1.1. <u>Confidential Discovery Material</u>: Any Discovery Material designated as "Confidential" pursuant to Paragraph 3.1 hereto.

    1.2. <u>Discovery Material</u>: Any information contained in documents, testimony taken at depositions or hearings and transcripts thereof, deposition exhibits, interrogatory responses, or responses to requests for admissions, and any other information or material produced, given, or exchanged in this Action, regardless of the medium or manner in which it is or was generated, stored, or maintained.

1.3. <u>Document</u>: Defined herein to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.

1.4. <u>Non-Party</u>: Any person or entity that is not a named party to the Action.

1.5. <u>Objecting Party</u>: As defined in Paragraph 9 hereto.

1.6. <u>Privileged Material</u>: As defined in Paragraph 8 hereto.

1.7. <u>Producing Party</u>: Any person or entity, whether a Party or Non-Party, that produces Discovery Material in the Action.

1.8. <u>Receiving Party</u>: Any Party receiving Discovery Material in the Action.

1.9. <u>Stipulation</u>: This Stipulation and [Proposed] Protective Order Regarding Confidential Information, executed by the Parties and filed with the Court.

2. **PURPOSES AND LIMITATIONS**

All Confidential Discovery Material (as defined herein) shall be: (i) used only for the prosecution or defense of this Action and not for any other purpose whatsoever, including but not limited to any business or commercial purpose, for dissemination to the media or the public, or in connection with any other judicial, administration, or arbitral proceeding, and (ii) disclosed only as authorized by this Stipulation. Parties, the attorneys of record for the Parties, and all other persons receiving information governed by this Stipulation shall maintain Confidential Discovery Material in a secure manner so as to avoid disclosure of its content in a manner that is not consistent with this Stipulation. The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulation, to control access to, duplication of, and distribution of copies of Discovery Material marked "Confidential."

3. **DESIGNATING DISCOVERY MATERIAL**

3.1. <u>Confidential Designations</u>: Any Producing Party may designate Discovery Material it produces as "Confidential" if that party believes in good faith that such Discovery Material contains or reflects information (regardless of how it is generated, stored or maintained) or tangible things that constitute trade secrets, proprietary business information, competitively sensitive information, personal or business financial information, sensitive customer or client information, or which may qualify for protection under Federal Rule of Civil Procedure 26(c), or which is prohibited from disclosure under applicable federal, state, or foreign data protection laws, including, without limitation, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information), the Health Insurance Portability and Accountability Act (HIPAA) and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information), and the General Data Protection Regulation (GDPR), 2016/679 of the European Parliament and of the Council of 27 April 2016, and repealing Directive 95/46/EC (EU personal data).

3.2. Any documents or information containing or revealing Confidential Discovery Material shall also be considered "Confidential." Discovery Material shall not be considered "Confidential" if it is publicly available. For the avoidance of doubt, any Discovery Material designated as "Confidential" under this Order may be confidentially produced in any other litigation or proceeding, and such production shall have no effect on the of the designation of such Discovery Material in this Action.

3.3. <u>Derivative Information</u>: All information derived from Confidential Discovery Material, including but not limited to extracts, summaries, compilations and descriptions of such material, and notes, electronic images or databases containing Confidential Discovery Material, shall be treated as "Confidential," as applicable, in accordance with the provisions of this

3

Stipulation to the same extent as the Discovery Material or information from which such extract, summary, compilation, description, note, electronic image, or database is made or derived.

3.4. <u>Objections to Designations</u>: Any Receiving Party may object to a "Confidential" designation, and request the removal of such designation as outlined under the procedures in Paragraph 9 of this Stipulation. The burden of proving the confidentiality of designated Discovery Material remains with the party asserting such confidentiality.

3.5. <u>Manner of Designations</u>: For purposes of this Stipulation, Producing Parties shall designate Confidential Discovery Material in the following manner:

a. In the case of Discovery Material produced by oral testimony during depositions or other pretrial proceedings (including transcripts or records thereof), by advising the court reporter and other Parties of the portions of testimony containing the Confidential Discovery Material, either (i) orally at the proceeding, or (ii) in writing to all Parties within thirty (30) days after receipt of the transcript or recording for the proceeding. The reporter shall mark "Confidential" on the first page of the transcript and at the beginning and end of any portions thereof designated Confidential. Until the expiration of the thirty-day period, the Parties shall treat the entire transcript or recording as Confidential Discovery Material. Thereafter, only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material, as applicable. At the request of either Party, the court reporter shall prepare a separate original transcript or recording that does not contain the Confidential Discovery Material. Copies of the transcript or recording for counsel's use may contain the Confidential testimony and other testimony in a single volume. The Parties may modify this procedure for any particular

proceeding, through agreement on the record at such proceeding, without further order from the Court.

        b.      In the case of Discovery Material produced other than by oral testimony (including transcripts or recordings thereof), by (i) marking such Discovery Material with the legend "Confidential," as appropriate, on each page of the relevant materials at the time of their production, or (ii) with respect to electronic information that is not conducive to such marking (*e.g.*, excel spreadsheets, video, or audio recordings), by producing the native file with a slip sheet in TIFF format containing the applicable file's bates number and the legend "Confidential," as appropriate. Where the marking of each piece of Confidential Discovery Material is impossible or impractical, at the time of its production, the Producing Party may identify, in writing, all such Confidential Discovery Material that could not be marked.

        3.6.    <u>Failures to Designate</u>: If a Producing Party produces Discovery Material that it considers to be "Confidential" without affixing the appropriate legend to such Discovery Material, the Producing Party may subsequently designate such Discovery Material as "Confidential" by, promptly upon learning of the production without the required legend, delivering to the Receiving Parties (i) written notice of such designation and (ii) properly designated copies of such Discovery Material, with the effect that such Discovery Material will thereafter be fully subject to the protections afforded by this Stipulation. The party that received such Discovery Materials must make a good faith effort to retrieve such Discovery Materials if previously disclosed to persons not permitted by this Stipulation. Nothing in this Stipulation shall prevent a Producing Party, in good faith, from correcting the designation of information that already has been produced to another party in undesignated form or with a different designation, or designating as

"Confidential" information that has previously been produced in undesignated form or with a different designation by another party.

3.7. <u>No Waiver</u>: Disclosure by the Producing Party of Discovery Materials designated as "Confidential," regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

4. **ACCESS TO AND USE OF DESIGNATED DISCOVERY MATERIAL**

4.1. <u>Use of Confidential Discovery Materials</u>: No Receiving Party shall disclose Confidential Discovery Materials, directly or indirectly, to any other person except as provided in this Stipulation or otherwise ordered by the Court. A recipient of Confidential Discovery Material may disclose, summarize, describe, characterize, or otherwise communicate or make available such Confidential Discovery Material in whole or in part only to the following persons, and only insofar as such disclosure, summary, description, characterization or communication is reasonably necessary for the prosecution or defense of this Action:

  a. the Parties, including their officers, directors, and corporate representatives;

  b. the Parties' insurers, subsidiaries, segments, operating units, affiliates, and the officers or directors of such entities, provided that such persons first execute a copy of the Consent to Be Bound ("Consent"), attached hereto and incorporated herein by reference;

  c. employees of the Receiving Party who are required in good faith to provide assistance in the conduct of this litigation;

  d. counsel or litigation services vendors retained specifically for this action, including, without limitation, any law firm, attorney, paralegal, clerical, and other assistant employed or engaged by such counsel or by a Party and assigned to this matter;

  e. as to any document, its author, its addressee, any other person indicated on the face of the document as having received a copy;

  f. any witness called to testify at any deposition, hearing, or trial in this action or any potential witness in interviews or preparation whom counsel for a Party in good faith believes may be called to testify at deposition, hearing or trial in this action, provided that the witness or potential witness first executes a Consent before Confidential Discovery Material is provided to such person (and provided further that, if during the actual taking of a witness's testimony at a deposition, court hearing, or trial, the witness refuses to sign the Consent, the Party may still show the Confidential Discovery Material to such witness provided that the witness shall be instructed to maintain the confidentiality of the Confidential Discovery Material and not to disclose it to anyone, and the witness shall not be allowed to retain copies of the Confidential Discovery Material);

  g. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed the Consent, and further provided that if the Plaintiffs choose an individual who was previously (in the last five years) or is currently employed by competitors of Omega, or a predecessor, successor, parent, subsidiary, division, or affiliate of any of the those entities, Plaintiffs shall notify Defendants before disclosing any Confidential Discovery Materials to that individual and shall give Defendants an

opportunity to move within ten days for a protective order preventing or limiting such disclosure;

  h. any mediator, arbitrator, or discovery master retained by the parties or assigned by this Court, provided such person has first executed the Consent;

  i. stenographers engaged to transcribe depositions conducted in this Action;

  j. the Court and its support personnel;

  k. as agreed by the parties in writing or on the record in a deposition or a court proceeding; and

  l. as otherwise ordered by the Court.

  4.2. <u>Disclosure to Unauthorized Persons</u>: If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Stipulation, the Receiving Party must immediately (i) notify in writing the Producing Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all copies of the Confidential Discovery Material, as applicable, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulation, and (iv) request such person or persons to execute the Consent.

  4.3. <u>Use by Additional Parties</u>: In the event that additional persons or entities become parties to the Action, neither their outside counsel nor experts or consultants retained to assist said counsel shall have access to Confidential Discovery Material produced by or obtained from any other Producing Party until that person has executed and filed with the Court a copy of this Stipulation.

  4.4. <u>Limitations on Use</u>: Every person or entity given access to Confidential Discovery Material, or information contained therein:

    a.    shall not make copies, duplicates, extracts, summaries, or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such copy is to be treated in accordance with the provisions of this Stipulation; and

    b.    shall be advised by the Party providing such access that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed other than pursuant to its terms.

**5.    FILING DESIGNATED DISCOVERY MATERIAL**

    5.1.    <u>Filing Designated Discovery Material</u>: If a Receiving Party seeks to file with the Court any papers containing or revealing Confidential Discovery Material produced by another Party, the Receiving Party shall seek to file Confidential Discovery Material under seal pursuant to Section 2.H of the Individual Practices of Judge Buchwald ("Section 2.H Motion"). The Receiving Party shall provide the Producing Party at least five (5) business days' prior written notice that it intends to file a Section 2.H Motion. The Producing Party shall have the right, in its sole discretion, to supplement any Section 2.H Motion submitted by the Receiving Party.

**6.    USE OF DESIGNATED DISCOVERY MATERIAL IN COURT**

    6.1.    <u>Use of Designated Discovery Material in Court</u>: Subject to Paragraph 6.2 below, any documents designated as "Confidential" may be used in any proceeding in the Action, including, if otherwise permissible, as evidence at any hearing or the trial of the Action, in open court, or on appeal, without violation of this Stipulation, provided that the proponent of the evidence advises the Court and the Producing Party at least five (5) business days in advance of the trial or proceedings that it intends to offer Confidential Discovery Material as applicable. Nothing in this Stipulation, however, shall preclude a Party from seeking an appropriate protective

order from the Court should that Party seek to maintain the confidentiality of Confidential Discovery Material used in open court.

6.2. <u>Limitations on Use of Designated Discovery Material in Court</u>: If any person uses Confidential Discovery Material or discloses any such materials on the record of any proceeding before the Court, the portion of the transcript, record, computer disk or any other recording method thereof that refers to such information shall be deemed subject to the provisions of this Stipulation.

## 7. ATTORNEY RENDERING ADVICE

Nothing in this Stipulation shall bar or otherwise restrict counsel for any Party from rendering advice to counsel's client with respect to the Action and from relying upon the examination of Confidential Discovery Material, provided that in rendering such advice, and in otherwise communicating with counsel's client, counsel shall not disclose the contents of Confidential Discovery Material except in accordance with the terms of this Stipulation.

## 8. PRODUCTION OF PRIVILEGED OF OTHERWISE PROTECTED MATERIAL

Federal Rule of Evidence 502(b) governs inadvertent production or disclosure of any Discovery Material in the Action as to which a Producing Party or other party claims a privilege, including but not limited to attorney-client privilege, executive privilege, legislative privilege, or any other privilege, or Discovery Material as to which a Producing Party or other party claims is governed by the work product doctrine (together, "Privileged Material"). The Parties acknowledge that it is not their intention to waive any protections with respect to Privileged Material or its subject matter. If Privileged Information is produced or disclosed in this Action, the Parties should proceed pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). In the event of a dispute as to the Producing Party's claim of privilege, the Parties shall meet and confer before presenting the Privileged Material to the Court under seal for a determination of the claim.

9. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time of the designation and failure to do so shall not preclude a subsequent challenge to such designation, provided that such failure would not foreseeably result in substantial unfairness, unnecessary and substantial economic burdens, or a significant disruption or delay of the Action. Subject to the immediately preceding sentence of this Paragraph 9, any Party may object to the classification of Discovery Material (the "Objecting Party") at any time consistent with any applicable scheduling orders to be entered by the Court. In the event that a Party wishes to challenge the designation of any Discovery Material as "Confidential," the Objecting Party shall give written notice to counsel for the Producing Party and all Parties in the Action of the reasons for the objection. The Parties shall attempt in good faith to resolve all objections by agreement. If the Parties cannot reach a prompt agreement respecting the objection, the Parties may seek a ruling from the Court. Any Discovery Material as to which such motion is made shall continue to be treated as Confidential Discovery Material, as applicable, until the Court's decision on such motion is issued or the Producing Party withdraws such designation in writing.

10. **DUPLICATE DISCOVERY MATERIALS**

In the event two or more identical copies of a document or other materials do not share the same confidentiality designation, all such identical documents or other materials shall be treated as designated by whichever designation affords the greatest protection, but only to the extent a Receiving Party becomes aware that such identical documents are designated differently. Any party identifying such inconsistent designations shall notify the parties of the existence and bates numbers (or other identifying information) of the non-designated or not properly designated

copies. The Producing Party shall then promptly inform the Parties as to whether the documents are to be treated as "Confidential."

11.   **FINAL DISPOSITION**

The provisions of this Stipulation shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Action. Within sixty (60) days after receiving notice of entry of an order, judgment or decree finally ending the Action, including without limitation any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Confidential Discovery Material shall make reasonable efforts to identify and destroy all such Confidential Discovery Material, including all copies thereof and material derived therefrom, or upon request of the Producing Party, return such materials to the Producing Party or their counsel. The Clerk of the Court may return to counsel for the Parties, or destroy, any sealed material at the end of the litigation, including any appeals. Notwithstanding anything to the contrary in this Stipulation, Outside counsel for the Parties shall be entitled to retain copies of all pleadings, court papers, transcripts, correspondence, exhibits, memoranda, attorney work product and expert or consultant work product, regardless of whether such materials contain, reference or constitute Confidential Discovery Material, provided that such outside counsel shall maintain the confidentiality thereof pursuant to the terms of this Stipulation.

12.   **LEGAL PROCESS**

If a Receiving Party is subpoenaed in another action or proceeding or served with a document demand or other similar legal process in another proceeding, including any proceeding before any other court, arbitration panel, regulatory agency, law enforcement or administrative body), and such subpoena or document demand seeks Confidential Discovery Material, unless otherwise required by law, the Receiving Party shall notify the Producing Party, in writing, as

promptly as reasonably practicable and before the return date for such subpoena or document demand. The Producing Party shall bear all responsibility for its own objection to the production of such Confidential Discovery Material, except that the Receiving Party shall not voluntarily make any production of another's Confidential Discovery Material until resolution of any objections interposed by the Producing Party, unless compelled or otherwise required by law. The Receiving Party shall make all reasonable good faith efforts to provide the Producing Party a reasonable period of time in which to seek to quash the subpoena or document demand or to move for any protection for the Discovery Materials, before the Receiving Party takes any action to comply with the subpoena or document demand. Nothing in this Stipulation shall be construed as authorizing a party to disobey any law or court order requiring production of Confidential Discovery Material.

### 13. PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

This Stipulation has no effect upon, and shall not apply to, a Producing Party's use of its own Confidential Discovery Material for any purpose. Similarly, this Stipulation has no effect upon, and shall not apply to, any information or material that: (a) was, is, or becomes public knowledge, not in breach of this Stipulation; (b) is acquired, developed, or learned by the Receiving Party independent of discovery in this Action; or (c) is required by law to be made available to third parties.

### 14. NON-PARTIES

The Parties agree that any Non-Party from whom discovery is sought in this Action may obtain the protections of this Stipulation by giving written notice to the Parties that it intends to be bound by the provisions of this Stipulation and designating that its provision of discovery is subject to the Stipulation. The subpoenaing or requesting party shall advise Non-Parties from whom they

seek documents of the existence of this Stipulation and their right to obtain its protections. To the extent that any Non-Party produces Discovery Material in this Action that contains Confidential Discovery Material of a Party to this Action, that Party may designate such Discovery Material as "Confidential", as appropriate, for purposes of this Stipulation by delivering written notice of such designation to the Parties within thirty (30) days of receipt by counsel for all Parties of the Non-Party's production of such Discovery Material.

### 15. MISCELLANEOUS

15.1. Entering into or agreeing to this Stipulation, producing or receiving Confidential Discovery Material, or otherwise complying with the terms of this Stipulation shall not:

    a.    operate as an admission by the Receiving Party that any particular Discovery Material designated as "Confidential" by the Producing Party is appropriately designated as such;

    b.    prevent any Party from seeking further, greater, or lesser protection with respect to the use of any Confidential Discovery Material in connection with any trial, hearing, or other proceeding in this Action;

    c.    prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery or to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation;

    d.    waive any applicable privilege;

    e.    waive a Party's right to move the Court for an order allowing disclosure of Confidential Discovery Material for good cause;

      f.      prejudice in any way the rights of a Party to petition the Court for a protective order relating to any designated Confidential Discovery Material;

      g.      prevent the Parties from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Discovery Material; or

      h.      affect, or be construed to affect, in any way the admissibility of any document, interrogatory response or other evidence at hearings or trial of the Action.

15.2.   It is the present intention of the Parties that the provisions of this Stipulation shall govern discovery in the Action.  Nonetheless, the Parties hereto may modify the terms of the Stipulation by agreement of all Parties in writing, as "So Ordered" by the Court.

15.3.   The terms of this Stipulation shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Action.

15.4.   Any violation of the terms of this Stipulation shall be punishable by relief deemed appropriate by the Court.

15.5.   Neither this Stipulation, nor the fact of its existence, nor any designation of Discovery Material as "Confidential" shall be offered or admitted into evidence at a jury trial or argued to any jury in the Action.

15.6.   The Parties agree to meet and confer concerning any dispute between the Parties regarding this Stipulation before seeking assistance from the Court.  If the Parties are unable to resolve the dispute, either Party may make an appropriate application to the Court for relief.

15.7.   This Stipulation may be executed in any number of actual, telecopied, or emailed counterparts and by each of the different parties thereto on several counterparts, each of which when executed and delivered shall be an original.  The executed signature page(s) from each actual,

telecopied, or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

15.8. This Stipulation shall become effective as a stipulation among the Parties immediately upon its execution.

IT IS SO STIPULATED AND AGREED AS OF THIS 14th day of January, 2021.

| THE ROSEN LAW FIRM, P.A. | BRYAN CAVE LEIGHTON PAISNER LLP |
|---|---|
| /s/ Jacob A. Goldberg | /s/ Eric Rieder |
| Jacob A. Goldberg<br>Leah Heifetz-Li<br>101 Greenwood Avenue, Suite 440<br>Jenkintown, PA 19046<br>Telephone: (215) 600-2817<br>Fax: (212) 202-3827<br>Email: jgoldberg@rosenlegal.com<br>Email: lheifetz@rosenlegal.com | Eric Rieder<br>Chris LaRocco<br>Laith Hamdan<br>1290 Avenue of the Americas<br>New York, New York 10104-3300<br>Telephone: (212) 541-2000<br>Fax: (212) 541-4630<br>Email: erieder@bclplaw.com |
| *Lead Counsel for Plaintiff and Putative Class* | *Counsel for Defendants Omega Healthcare Investors, Inc., C. Taylor Pickett, Robert O. Stephenson, and Daniel J. Booth* |

IT IS SO ORDERED:

Dated: January 18, 2022

_____
The Honorable Naomi Reice Buchwald
United States District Judge