# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: OMEGA HEALTHCARE INVESTORS, INC. SECURITIES LITIGATION | Case No.: 1:17-cv-08983-NRB |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

EXHIBIT A

WHEREAS, Lead Plaintiff Royce Setzer and named Plaintiff Earl Holtzman, on behalf of themselves and the putative Settlement Class, and Defendants Omega Healthcare Investors, Inc., C. Taylor Pickett, Robert O. Stephenson, and Daniel J. Booth ("Defendants"), by and through their respective counsel, have entered into a Settlement of the claims asserted in these consolidated class actions, the terms of which are set forth in a Stipulation and Agreement of Settlement, dated December 9, 2022 (the "Stipulation"). Rule 23 of the Federal Rules of Civil Procedure requires review and approval of the Settlement and the Stipulation together with the exhibits thereto, which sets forth the terms and conditions for the settlement of the claims alleged in the Second Consolidated Amended Class Action Complaint For Violation of the Federal Securities Laws filed in this Action. Having considered (i) the Stipulation, (ii) the proposed Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), annexed as Exhibit A-1 to this Order, (iii) the proposed Summary Notice of Pendency and Proposed Class Action Settlement, annexed as Exhibit A-2 to this Order, (iv) the proposed Postcard Notice of Proposed Settlement of Class Action, annexed as Exhibit A-3 to this Order, (v) the proposed Plan of Allocation of the Net Settlement Fund, as described in Exhibit A-1 to this Order, (vi) the proposed form of the Proof of Claim and Release, annexed as Exhibit A-4 to this Order, (vii) the proposed form of Order and Final Judgment, annexed as Exhibit B to the Stipulation, and (viii) submissions made relating thereto, the Court finds that substantial and sufficient grounds exist for entering this Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this \_\_\_\_ day of _____, 202\_\_, that:

1.  Capitalized terms used herein have the meanings defined in the Stipulation.

2.  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action

on behalf of all Persons who purchased or otherwise acquired Omega securities during the period from February 8, 2017, through October 31, 2017, inclusive. Excluded from the Settlement Class are:

      (a)    Defendants, Omega's officers and directors and their Immediate Families, and entities in which such excluded persons hold a majority ownership interest;

      (b)    Those Persons who file valid and timely requests for exclusion in accordance with this Order, provided that such request for exclusion is not revoked;

      (c)    Those Persons who have a net profit in purchases and sales of Omega securities during the Settlement Class Period or otherwise suffered no financial losses as a result of their purchase(s) or acquisition(s) of Omega securities.

      3.    The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members are so numerous that joinder of all the Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

      4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel (The Rosen Law Firm, P.A.),

previously selected by Plaintiffs and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5. The Court finds that (a) the Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement is sufficiently fair, reasonable, and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6. A Settlement Hearing pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on _____ 2023, at _____ _.m. in Courtroom 21A at 500 Pearl Street, New York, New York 10007, for the following purposes:

(a) to finally determine whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b) to finally determine whether the Court should approve the Settlement as fair, reasonable, and adequate;

(c) to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action with prejudice, and to determine whether the Releases by the Plaintiff Releasors of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Claims extinguished by the Releases;

(d) to determine whether the Court should approve the proposed Plan of Allocation for the distribution of the Net Settlement Fund as fair and reasonable;

(e) to consider the application of Class Counsel for an award of Attorneys' Fees and Expenses, and awards to Plaintiffs;

   (f) to consider any objection to the Settlement by Settlement Class Members; and

   (g) to rule upon such other matters as the Court may deem appropriate.

  7. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses or made any award to Plaintiffs.

  8. The Court reserves the right to approve the Settlement with such modifications upon which the Parties may agree or consent and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

  9. The Court approves the form, substance, and requirements of (a) the Postcard Notice, (b) the Long Notice, (c) the Summary Notice, and (d) the Proof of Claim, all of which are exhibits to the Stipulation.

  10. Class Counsel has the authority to enter into the Stipulation on behalf of Plaintiffs and the Settlement Class, and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

  11. The firm Strategic Claims Services is appointed and approved as the Claims Administrator for the Settlement.

  12. Class Counsel, through the Claims Administrator, shall cause the Postcard Notice, attached as Exhibit A-3 to this Preliminary Order, to be mailed, by first class mail, postage prepaid,

no later than twenty-eight (28) calendar days after the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator. Further, Class Counsel shall, through the Claims Administrator, cause the Stipulation (including its exhibits), this Order, the Proof of Claim and Release, attached as Exhibit A-4 to this Preliminary Order, and a copy of the Long Notice, attached as Exhibit A-1 to this Preliminary Order, and the Summary Notice, attached as Exhibit A-2 to this Preliminary Order, to be posted on the Claims Administrator's website within twenty-eight (28) calendar days after entry of this Order.

13. Class Counsel is authorized to establish a Notice and Administration Account (as defined in the Stipulation) of not more than $650,000 (Six Hundred Fifty Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. No additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account without further order from the Court.

14. No later than ten (10) calendar days after the date of this Order, Defendants shall provide and/or cause its transfer agent to provide to Class Counsel a list of the record owners of Omega common stock during the Settlement Class Period in a usable electronic format, such as an excel spreadsheet. Class Counsel and the Claims Administrator shall keep this information confidential and not use it for any purpose other than to provide the notice contemplated by this Order.

15. Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Omega securities during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice

sufficient to send the Postcard Notice to all beneficial owners for whom they were nominee or custodian during the Settlement Class Period, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request links to the location of the Long Notice and Proof of Claim and email the links to each beneficial owner for whom they were nominee or custodian during the Settlement Class Period within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners. If the Claims Administrator receives an email address, it will send a link to the location of the Long Notice and Proof of Claim electronically. Nominees or custodians who elect to email links to the Long Notice and Proof of Claim or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing names and addresses, of up to $0.03 per name, address, and email address provided to the Claims Administrator; up to $0.03 per unit for each Postcard Notice actually mailed, plus postage at the pre-sort rate used by the Claims Administrator; or up to $0.03 per email notice sent, and subject to further order of this Court with respect to any dispute concerning such reimbursement..

16. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on *GlobeNewswire* within twenty-one (21) calendar days after

the entry of this Order. Class Counsel shall, at or before the Settlement Hearing, serve upon Defendants' counsel and file with the Court proof of publication of the Summary Notice.

17. No later than seven (7) days before the Settlement Hearing, Class Counsel shall file with the Court proof of mailing of the Postcard Notice, both to Settlement Class Members and to nominees, and proof of publication of the Summary Notice.

18. The forms and methods set forth herein of notifying the Settlement Class and its terms and conditions (a) meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7); (b) constitute the best notice practicable under the circumstances; and (c) constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

19. To be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator: (a) electronically through the Claims Administrator's website, www.strategicclaims.net, by 11:59 p.m. EST on _____, 2023; or (b) at the Post Office Box indicated in the Long Notice, postmarked no later than _____, 2023 (thirty (30) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when: (a) the claim receives a confirmation notice from the Claims Administrator for electronic submissions; or (b)

legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Long Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of their current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency, if it shall appear that

such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the letter of rejection, serve upon the Claims Administrator a statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all Released Claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

20. All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund but will in all other respects be subject to and bound by the provisions of the Stipulation, the Settlement, and the Order and Final Judgment, if entered.

21. Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as provided herein. A Settlement Class Member wishing to request exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2023 (twenty-one (21) calendar days prior to the Settlement Hearing), to the addresses listed in the Long Notice. Such request for exclusion shall clearly indicate the name, address, phone number, and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to

9

be excluded from the Settlement Class and must be signed by such person. Such persons requesting exclusion are also required to specify in their request all their purchases and sales of Omega common stock during the Settlement Class Period, including, for each purchase or sale, the date, number of shares and price of the shares purchased or sold. The request for exclusion shall not be effective unless (a) it provides the required information, is legible, is made within the time stated above, and is filed and served on both Class Counsel and Defendants' counsel, or (b) Court otherwise accepts the exclusion. Class Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

22. Any person who submits a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) business days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

23. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to the Class Representatives, only if such comments or objections and any supporting papers are filed with the Clerk of the Court, U.S. District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007, at least twenty-one (21) calendar days prior to the Settlement Hearing, showing due proof of service upon each of the following:

**CLASS COUNSEL:**

    Jacob A. Goldberg, Esq.
    Gonen Haklay, Esq.
    THE ROSEN LAW FIRM
    101 Greenwood Avenue, Suite 440

Jenkintown, PA 19046

**COUNSEL FOR DEFENDANTS OMEGA HEALTHCARE INVESTORS, INC., C. TAYLOR PICKETT, ROBERT O. STEPHENSON, AND DANIEL J. BOOTH:**

Eric Rieder, Esq.
Chris LaRocco, Esq.
Laith Hamdan, Esq.
BRYAN CAVE LEIGHTON PAISNER LLP
1290 Avenue of the Americas
New York, NY 10104

Attendance at the Settlement Hearing is not necessary, but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, the application for Attorneys' Fees and Expenses, and/or award to Class Representatives are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a payment to Class Representatives.

25.     The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

26. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Class Representatives shall be filed and served thirty-five (35) calendar days before the Settlement Hearing.

27. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Class Representatives shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

28. Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Released Claims. In addition, the Action is stayed.

29. Each of the Parties shall have the right to terminate the Settlement and the Stipulation by providing a "Termination Notice" to all other Parties hereto, through counsel, within twenty (20) calendar days of: (a) a Court order rejecting or denying approval of the Settlement, or modifying the Settlement in any material respect; (b) the Effective Date of the Settlement not otherwise occurring for any reason other than Defendants' failure to meet their obligation to cause the deposit of the Settlement Amount into the Escrow Account as provided for herein; or (c) any material term of the Settlement not being satisfied.  In the event of such termination: (i) the Settlement shall be without prejudice; (ii) none of the terms of the Stipulation or Settlement shall be effective or enforceable, except as specifically provided herein or in the Stipulation; (iii) the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to October 25, 2022, including any positions with respect to service or jurisdiction; (iv) except as specifically provided herein, the Parties shall proceed in all

EXHIBIT A

respects as if the Stipulation and any related order had not been entered; and (v) the Stipulation and Settlement, including any aspect of the discussions or negotiations leading to this Stipulation or Settlement, shall not be admissible in this Action and shall not be used against or to the prejudice of either Defendants or Plaintiffs in any court filing, deposition, at trial, or otherwise.

30.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any potential Settlement Class Member and any future requests by one or more of the Parties that the Final Order and Judgment, the Releases and/or the permanent injunction set forth in the this Order or the Stipulation be enforced.

**IT IS SO ORDERED.**

Dated:_____     _____
                           HON. NAOMI REICE BUCHWALD
                           UNITED STATES DISTRICT JUDGE