UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re OMEGA HEALTHCARE INVESTORS, INC. SECURITIES LITIGATION | Case No. 1:17-08983-NRB |

## [PROPOSED] ORDER AND FINAL JUDGMENT

On the __25__ day of __April__, 2023, a hearing having been held before this Court to determine: (a) to finally determine whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23; (b) to finally determine whether the Court should approve the terms and conditions of the Stipulation and Agreement of Settlement dated December 9, 2022 ("Stipulation"), as fair, reasonable, and adequate; (c) to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action with prejudice, and to determine whether the Releases by the Plaintiff Releasors of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Claims extinguished by the Releases; (d) to determine whether the Court should approve the proposed Plan of Allocation for the distribution of the Net Settlement Fund as fair and reasonable; (e) to consider the application of Class Counsel for an award of Attorneys' Fees and Expenses, and awards to Plaintiffs; and (f) to consider any objection to the Settlement by Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Postcard Notice substantially in the form approved by the Court in the Court's Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, dated __December 27, 2022__, ~~2023~~ ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members, and the Stipulation (including its exhibits), the Proof of Claim and Release Form, and a copy of the Long Notice were posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and it appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Stipulation and Settlement are hereby approved, as set forth herein.

2. All capitalized terms used herein, but not otherwise defined herein, have the same meanings as set forth and defined in the Stipulation.

3. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Defendants.

4. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represents the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Action. The Settlement Class is being certified for settlement purposes only.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this Action as a class action for settlement purposes only, and certifies as the Settlement Class all persons or entities who purchased or otherwise acquired Omega Healthcare Investors, Inc. ("Omega" or "Company") securities during Settlement Class Period. Excluded from the Settlement Class are:

      (a)      Defendants, Omega's officers and directors and their Immediate Families, and entities in which such excluded persons hold a majority ownership interest;

      (b)      Those persons who have filed a valid and timely request for exclusion in accordance with the Preliminary Approval Order, provided that such request for exclusion was not revoked;

      (c)      Those persons who have a net profit in purchases and sales of Omega securities during the Settlement Class Period or otherwise suffered no financial losses as a result of their purchase(s) or acquisition(s) of Omega securities.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and the Lead Counsel previously selected by Plaintiffs and appointed by the Court is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

7.      The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions (i) met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; (ii) constituted the best notice practicable under the circumstances; and (iii) constituted due and sufficient notice to all Persons entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein and herein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing

thereon.  The Court further finds that the notice provisions of the Settlement Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

8. The Settlement of $30,750,000, in cash, in exchange for the Releases is approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class. Plaintiffs and Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

9. The Action and the Second Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws are hereby dismissed with prejudice and without costs.

10. Plaintiff Releasors are hereby deemed and declared to have (i) fully, finally, and forever waived, released, relinquished, settled, and discharged each and every one of the Released Claims against each and every one of the Released Defendant Parties; and (ii) covenanted not to sue any of the Released Defendant Parties with respect to all such Released Claims.  Plaintiff Releasors, and anyone acting or purporting to act for any of them, are hereby forever be barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding asserting any Released Claim against any of Released Defendant Parties in any federal, state, or foreign court or tribunal, arbitral forum, administrative forum, or any other forum or proceeding of any kind, either directly, indirectly, representatively, derivatively, or in any other capacity.

11. Defendant Releasors are hereby deemed and declared to have, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever

4

be barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, administrative forum or other forum of any kind, of any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties, including Class Counsel for the Settlement Class and any counsel working under Class Counsel's direction.

12. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

13. In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, all future claims by any Person against any of the Released Defendant Parties, and by the Released Defendant Parties against any Person, for (a) contribution or indemnity (or any other similar claim, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by Plaintiffs in the Action, or (b) any other Claim of any type, for which the injury claimed is measured by reference to that Person's actual or potential liability to Plaintiffs and/or the Settlement Class Members, are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable; provided, however, nothing herein shall preclude any of the Defendants from seeking to enforce the terms of: (1) any insurance policy or policies that may provide coverage for payment of the Settlement Amount and/or any other costs, expenses, or amounts incurred in connection with the Action, the Settlement, or any other actions involving the allegations related to this Action (including without limitation, any currently pending derivative litigation filed on behalf of Omega); or (2) this Stipulation, the Settlement, or the Judgment. Any Final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any Person subject to this paragraph shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for

common damages; or (b) the amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

14. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) referred to or used against the Released Parties as evidence of wrongdoing by any Person;

(b) construed against the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c) construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d) used or construed as an admission of any fault, liability or wrongdoing by any Person, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

16. Exclusive jurisdiction is hereby retained over Defendants and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation or Settlement and this Order and Final Judgment,

and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

17. Without further order of the Court, the Released Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

19. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of Attorneys' Fees and Expenses.

20. Class Counsel are hereby awarded __30__% of the Settlement Amount in fees, or $__9,225,000__, which the Court finds to be fair and reasonable, and $__307,858.35__ in reimbursement of expenses. Defendants shall have no responsibility for any allocations of attorneys' fees and expenses, and shall have no liability to Class Counsel or any other person in connection with the allocation of attorneys' fees and expenses. Lead Plaintiff is hereby awarded $__12,000__, and Additional Plaintiff is hereby awarded $__6,000__, which the Court finds to be fair and reasonable.

21. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated, and except as otherwise provided in the Preliminary Approval Order or in the Stipulation, the Settlement and all orders entered in connection therewith shall be rendered null and void.

**IT IS SO ORDERED.**

Dated: April 25, 2023

_____
HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE